1
2
3
4
5
6
7
8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LISA TORRES,

11            Plaintiff,                    Case No. 2:10-cv-2507 KJM DAD

12        v.

13   BERNSTEIN, SHAPIRO &              FINDINGS AND RECOMMENDATIONS
     ASSOCIATES, L.L.C.,
14
             Defendant.
15   _____/

16            This matter came before the court on October, 14, 2011, for hearing on plaintiff's

17   motion for default judgment.  (Doc. No. 15.)  David McGlothlin, Esq. appeared telephonically

18   for plaintiff.  No appearance was made on behalf of defendant.  Having considered all written

19   materials submitted with respect to the motion, and after hearing oral argument, the undersigned

20   recommends that the motion for default judgment be granted.

21                          PROCEDURAL BACKGROUND

22            Plaintiff initiated this action under the federal Fair Debt Collection Practices Act

23   ("FDCPA"), 15 U.S.C. § 1692, et seq., and the California Rosenthal Fair Debt Collection

24   Practices Act ("Rosenthal Act"), California Civil Code § 1788, et seq.  In her complaint filed

25   September 16, 2010, plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

26   statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), costs of litigation and

                                            1

1  reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), actual damages pursuant to

2  California Civil Code § 1788.30(a), statutory damages of $1,000.00 per violation for knowingly

3  and willfully committing violations of California Civil Code § 1788.30(b), and an award of costs

4  of litigation and reasonable attorney's fees pursuant to California Civil Code § 1788.30(c).

5  (Compl. (Doc. No. 1) at 9.[1])

6          Despite being served with process, defendant failed to appear in this action.

7  Pursuant to plaintiff's request, the Clerk of the Court entered defendant's default on May 9,

8  2011.  (Doc. No. 11.)  On September 13, 2011, plaintiff filed the instant motion, noticing it for

9  hearing before the undersigned pursuant to Local Rule 302(c)(19).  (Doc. No. 15.)  Despite being

10  served with plaintiff's request for entry of default and all papers filed in connection with

11  plaintiff's motion for default judgment, defendant did not oppose entry of default and neither

12  filed opposition nor appeared at the hearing on plaintiff's motion for default judgment.[2]

13                                       LEGAL STANDARD

14          Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for

15  default judgment.  Upon entry of default, the complaint's factual allegations regarding liability

16  are taken as true, while allegations regarding the amount of damages must be proven.  Dundee

17  Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing

18  Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v.

19  Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are liquidated (i.e., capable of

20

21          [1]  Page number citations such as this one are to the page number reflected on the court's
    CM/ECF system and not to page numbers assigned by the parties.

22

23          [2]  While the defendant in this case was served by plaintiff with both her request for entry
    of default and her motion for default judgment, such service generally is not required.  See Fed.
24  R. Civ. P. 55(b)(2) (requiring that written notice of an application for default judgment be served
    upon the party against whom judgment is sought only if that party "has appeared in the action");
25  Local Rule 135(d) (excusing parties from serving documents submitted to the court upon "parties
    held in default for failure to appear" unless a document asserts new or additional claims for relief
    against the defaulting parties).  Out of an abundance of caution, plaintiff prudently served
26  defendant with all papers related to the pending motion for default judgment.

1  ascertainment from definite figures contained in the documentary evidence or in detailed

2  affidavits), judgment by default may be entered without a damages hearing.  See Dundee, 722

3  F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an

4  evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v.

5  Frame, 6 F.3d 307, 310 (5th Cir. 1993).

6          Granting or denying default judgment is within the court's sound discretion, see

7  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986), and the court is free to consider a

8  variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th

9  Cir. 1986).  The court may consider such factors as:

10          (1) the possibility of prejudice to the plaintiff, (2) the merits of
          plaintiff's substantive claim, (3) the sufficiency of the complaint,

11          (4) the sum of money at stake in the action, (5) the possibility of a
          dispute concerning material facts, (6) whether the default was due

12          to excusable neglect, and (7) the strong policy underlying the
          Federal Rules of Civil Procedure favoring decisions on the merits.

13

14  Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

15                                      ANALYSIS

16          According to plaintiff's complaint, this action arises out of defendant's repeated

17  violations of federal and state consumer laws and the repeated use of false, deceptive or

18  misleading representations by defendant and its agents during illegal efforts to collect a consumer

19  debt.

20          Specifically, plaintiff has alleged in her complaint as follows.  Plaintiff is a

21  "consumer" as that term is defined by the FDCPA, who sometime prior to January of 2010

22  incurred a financial obligation that meets the definition of a "debt" under the FDCPA, and that

23  the debt was acquired by defendant for collection purposes.  (Compl. (Doc. No. 1) at 3-4.)  On or

24  about January of 2010, defendant contacted plaintiff's mother at plaintiff's mother's place of

25  employment and left two messages stating that defendant needed to speak with plaintiff

26  regarding a legal matter involving plaintiff's social security number.  (Id. at 4.)  Defendant's

1  representative provided a number for plaintiff to call but did not identify the caller when leaving

2  the messages.  (Id.)  Plaintiff called the number provided by defendant's representative and

3  reached a recorded message that informed plaintiff that she had reached the "Pending Warrants

4  Department."  (Id. at 5.)  Plaintiff spoke with defendant's representative Adam Shaw, who

5  informed plaintiff that defendant was collecting a debt of $800 originally incurred in 2005 to

6  ACE Check Cashing for $350.  (Id. at 6.)  Plaintiff was frightened that she was contacted by the

7  "Pending Warrants Department" and arranged a payment plan with Adam Shaw.  (Id.)  Mr. Shaw

8  sent plaintiff a letter confirming the payment arrangement, which called for plaintiff to make six

9  payments of $150, totaling $900, even though defendant claimed plaintiff owed only $800.  (Id.)

10             On January 25, 2010, plaintiff sent Mr. Shaw an email stating that she disputed

11  the debt and that the payment arrangement was null and void.  (Id. at 7.)  On February 1, 2010,

12  defendant withdrew $150 from plaintiff's checking account.  (Id.)  Moreover, defendant failed to

13  provide plaintiff with written notification that unless plaintiff disputed the validity of the debt, or

14  any portion thereof, within thirty days, defendant would assume the debt was valid.  (Id.)

15  Defendant also failed to provide plaintiff with a written notice that if plaintiff notified the

16  defendant in writing within thirty days that the debt, or any portion thereof, was disputed,

17  defendant would obtain verification of the debt or a copy of a judgment against plaintiff and a

18  copy of such verification or judgment would be mailed to plaintiff by defendant and that

19  defendant would provide plaintiff with the name and address of the original creditor.  (Id.)  These

20  notices were to be provided to plaintiff by the defendant within five days of defendant's initial

21  communication with her.  (Id.)

22             Plaintiff's complaint alleges one cause of action under the FDCPA and one cause

23  of action under the Rosenthal Act, with multiple violations of the law alleged within each cause

24  of action.  As noted above, the complaint prays for the following relief under the FDCPA:  actual

25  damages under 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000.00 under 15 U.S.C. §

26  1692k(a)(2)(A), and costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §

1   1692k(a)(3).  (Id. at 9.)  The complaint also prays for the following relief under the Rosenthal

2   Act:  actual damages under California Civil Code § 1788.30(a), statutory damages of $1,000.00

3   under California Civil Code § 1788.30(b) and costs of litigation and reasonable attorney's fees

4   pursuant to California Civil Code § 1788.30(c).  (Id.)

5          By her motion for default judgment, plaintiff seeks $5,000.00 in actual damages

6   under federal and state law, $1,000.00 in statutory damages under the FDCPA, $1,000.00 in

7   statutory damages under the Rosenthal Act, $5,022.50 in attorneys' fees under federal and state

8   law, and $583.32 in costs under federal and state law.  (MDJ (Doc. No. 15-1) at 8-14.)

9          Weighing the factors outlined in Eitel, 782 F.2d at 1471-72, the undersigned has

10   determined that default judgment against defendant is appropriate.  Defendant has made no

11   showing that its failure to respond to the complaint is due to excusable neglect.  Plaintiff's

12   complaint is sufficient, and there is no reason to doubt the merits of plaintiff's substantive

13   claims.  In light of the defendant's failure to appear and lack of opposition to plaintiff's claims,

14   there is no possibility of a dispute concerning the material facts underlying the action.  Through

15   the instant motion, plaintiff seeks a small award of statutory damages together with an award of

16   actual damages, attorneys' fees and costs.  While recognizing the public policy favoring

17   decisions on the merits, the court finds that a decision on the merits has been rendered impossible

18   by defendant's default.  Because these factors weigh in plaintiff's favor, the undersigned will

19   therefore recommend that plaintiff's motion for default judgment be granted.

20          After determining that default judgment is warranted, the court must next

21   determine the terms of the judgment.  Any relief granted may not be different in kind from, or

22   exceed in amount, what is demanded in the complaint.  Fed. R. Civ. P. 54(c).

23          The FDCPA provides that in a case brought by an individual seeking redress for a

24   debt collector's failure to comply with the provisions of the statute, the court may award any

25   actual damages sustained by the plaintiff as a result of such failure, as well as such statutory

26   damages as the court may allow, but not exceeding $1,000.  15 U.S.C. § 1692k(a).  In

1   determining the amount of damages to award, the court is required to consider "the frequency

2   and persistence of noncompliance by the debt collector, the nature of such noncompliance, and

3   the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).  Similarly,

4   the Rosenthal Act provides that a debt collector who violates the statute's provisions is liable to

5   an individual plaintiff "in an amount equal to the sum of any actual damages sustained by the

6   debtor as a result of the violation" and that a debt collector who willfully and knowingly violates

7   the statute shall be liable to the debtor for a penalty "in such amount as the court may allow,

8   which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars

9   ($1,000)."  California Civil Code § 1788.30(a) & (b).  Statutory damages may be awarded

10  cumulatively under both statutes.  See 15 U.S.C. § 1692n; California Civil Code § 1788.32.

11          Here, consistent with the allegations and prayer in her complaint, plaintiff seeks

12  an award of both actual and statutory damages.  The allegations of the complaint, accepted as

13  true, support plaintiff's request for actual and statutory damages for defendant's violations of

14  state and federal law.  The FDCPA does not define "actual damages," and the Ninth Circuit

15  Court of Appeal has not yet decided whether a plaintiff must prove the elements of a claim for

16  intentional infliction of emotional distress under state law in order to recover emotional distress

17  damages, or whether those elements need not be proven so long as plaintiff has tendered

18  evidence substantiating that she suffered emotional distress as a result of the defendant's FDCPA

19  violations.  See Riley v. Giguiere, 631 F. Supp. 2d 1295, 1314-15 (E.D. Cal. 2009).  The

20  undersigned is persuaded by the line of cases finding that a plaintiff need only offer evidence that

21  she suffered emotional distress as a result of the defendant's FDCPA violations in order to

22  recover emotional distress damages under these circumstances.  See Riley, 631 F. Supp. at 1315-

23  16; Morisaki v. Davenport, Allen & Malone, Inc., No. 2:09-cv-0298 MCE DAD, 2010 WL

24  3341566 at *4 (E.D. Cal. Aug. 23, 2010); Panahiasl v. Gurney, No. 04-04479, 2007 WL 738642,

25  at *1 (N.D. Cal. Mar. 8, 2007).  Such an approach appears to be particularly appropriate in the

26  context of an unopposed motion for default judgment.  See Brablec v. Paul Coleman & Assocs.,

1  P.C., No. CIV S-08-1843 MCE GGH, 2010 WL 235062, at *2 (E.D. Cal. Jan. 21, 2010) (finding

2  it unnecessary to determine which standard should apply where the motion for default judgment

3  was unopposed); Molina v. Creditors Specialty Service, Inc., No. CIV. S-08-2975 GEB GGH,

4  2010 WL 235042, at *3 (E.D. Cal. Jan. 21, 2010) (same).

5          Moreover, plaintiff in this case has submitted an affidavit in support of her request

6  for emotional distress damages.  Therein, plaintiff declares as follows.  In February of 2010,

7  plaintiff sought legal counsel because she was being harassed by defendant, whose agents had

8  contacted her mother on two occasions claiming that defendant needed to speak with plaintiff

9  regarding a legal matter involving her social security number.  (Torres Decl. (Doc. No. 15-3) at

10  1-2.)  When plaintiff called the number left by defendant's agents she heard a recorded message

11  informing her that she had reached the "Pending Warrants Department."  (Id. at 2.)  Nervous and

12  frightened, plaintiff entered into a payment arrangement with defendant's agent.  (Id.)  As a result

13  of defendant's actions, plaintiff experienced mental anguish, including sleeplessness,

14  nervousness, stress, anxiety and embarrassment.  (Id. at 3.)

15          As required by 15 U.S.C. § 1692k(b)(1), the court has considered "the frequency

16  and persistence of noncompliance by the debt collector, the nature of such noncompliance, and

17  the extent to which such noncompliance was intentional."  The court notes defendant twice left

18  messages at plaintiff's mother's place of employment stating that defendant needed to speak with

19  plaintiff regarding a legal matter involving plaintiff's social security number.  When plaintiff

20  contacted the defendant at the number provided she heard a recorded message stating that she

21  had reached the "Pending Warrants Department."  Plaintiff never received written notification

22  from defendant of her right to dispute the debt and defendant withdrew money from plaintiff's

23  checking account after plaintiff notified defendant's agent that she disputed the alleged debt.

24  Defendant's misleading use of legal terminology, particularly the recording that plaintiff had

25  reached the "Pending Warrants Department," was clearly intentional and this is not a case in

26  which the defendant's violations of the statutes were mere technicalities.  Defendant's abusive

1   collection efforts are the kind that prompted both Congress and the California legislature to enact

2   statutory schemes designed to prevent unfair debt collection practices.  See 15 U.S.C. § 1692(a)-

3   (e); California Civil Code § 1788.1(a)-(b).

4          Moreover, the amount plaintiff seeks for emotional distress is not substantial and

5   is unopposed.  See Morisaki, 2010 WL 3341566, at * 6 (recommending award of $73,000 in

6   actual damages due to emotional distress); Panahiasl, 2007 WL 738642, at *2 (awarding to one

7   plaintiff $50,000 in actual damages due to emotional distress arising from FDCPA violations that

8   caused her to suffer embarrassment, fear, anger, panic, humiliation, nervousness, crying fits,

9   difficulty eating and sleeping, and diarrhea); Brablec, 2010 WL 235062, at *2 (awarding a

10  consumer $25,000 in actual damages due to emotional distress stemming from FDCPA

11  violations); see also Clodfelter v. United Processing, Inc., No. 08-CV-2131, 2008 WL 4225557,

12  at *5 (C.D. Ill. Sept. 12, 2008) (granting an award of $100,000 in actual damages on a motion for

13  default judgment against a debt collector with a long history of abusive and inherently degrading

14  tactics where the debt collector called plaintiff, his family members, his employer, and numerous

15  third-parties and threatened criminal prosecution for failure to pay a $400 debt that the plaintiff

16  did not owe); cf. Hartung v. J.D. Byrider, Inc., No. 1:08-cv-00960 AWI GSA, 2009 WL

17  1876690, at *9-10 (E.D. Cal. June 26, 2009) (finding defendant's actions egregious but

18  recommending that plaintiff's request for $50,000 in actual damages for emotional distress be

19  reduced to $25,000 because plaintiff was exposed to defendant's actions for a limited period of

20  time).  Accordingly, the undersigned will recommend that plaintiff be awarded $7,000 in actual

21  and statutory damages.

22          As noted above, plaintiff also seeks attorneys' fees and costs.  Both the FDCPA

23  and the Rosenthal Act provide for an award of costs and reasonable attorneys' fees to a

24  prevailing plaintiff.  15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c).  The Ninth Circuit

25  employs the lodestar approach to determine whether a fee request is reasonable.  Jordan v.

26  Multnomath County, 815 F.2d 1258, 1262-63 (9th Cir. 1987).  "The 'lodestar' is calculated by

8

1    multiplying the number of hours the prevailing party reasonably expected on the litigation by a

2    reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).

3    See also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Ferland v. Conrad Credit Corp., 244

4    F.3d 1145, 1149 n.4 (9th Cir. 2001) (In a FDCPA case, district court must calculate awards for

5    attorney's fees using "lodestar" method).  The lodestar is deemed to be presumptively reasonable,

6    though the district court has the discretion to consider an upward or downward adjustment.

7    Camacho, 523 F.3d at 978.

8             Here, plaintiff's attorneys request fees for a total of 13.5 hours of work, consisting

9    of 8.3 hours for attorney David J. McGlothlin at a rate of $275 per hour (total of $2,282.50) and

10   5.2 hours for attorney Robert L. Hyde at a rate of $355 per hour (total of $1,846), for a total

11   award of attorneys' fees of $4,128.50.[3]  Plaintiff's attorneys have provided sworn declaration

12   detailing their experience and expertise litigating consumer rights cases on behalf of plaintiffs.

13   The undersigned finds the number of attorney hours expended and the hourly rates requested to

14   be reasonable.  See Molina, 2010 WL 235042 at *3 (finding $5,257.50 in attorneys' fees

15   reasonable on motion for default judgment on claim of FDCPA violation based on 19.1 hours of

16   work); Brablec, 2010 WL 235062 at *2 (awarding $5,700 in attorneys' fees on motion for default

17   judgment on claim of FDCPA violation based on 13.5 hours of work at rates of $300 and $250

18   per hour); Middlesworth v. Oaktree Collections, Inc., No. 1:09-CV-601 OWW BAK [SMS],

19   2009 WL 3720884 at *1 (E.D. Cal. Nov. 3, 2009) (awarding $3,114.90 in attorneys' fees on

20   motion for default judgment on claim of FDCPA violation with attorney rates as high as $394 per

21   /////

22

23        [3]  Counsel for plaintiff claims to seek $5,022.50 in attorneys' fees.  However, the number
     of hours plaintiff's attorneys claim were expended on this matter at the rates provided by
24   plaintiff's attorneys adds up to only $4,128.50.  A review of counsels' declarations finds that
     each counsel has made an error in their calculation.  Attorney McGlothlin states that he billed 8.3
25   hours at a rate of $275 for a total of $2,448.50.  The correct total for that number of hours at that
     rate is $2,282.50.  Attorney Hyde states that he billed 5.2 hours at a rate of $355 per hour for a
26   total of $2,574.  The correct total for that number of hours at that rate is $1,846.

hour).  Accordingly, the undersigned will recommend that plaintiff be awarded $4,128.50 in attorneys' fees.

Section 1692k(a)(3) also provides for the recovery of "costs of the action." "'Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees.'" Molina, 2010 WL 235042, at * 4 (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)); see Lowe v. Elite Recovery Solutions L.P., No. CIV S-07-0627 RRB GGH, 2008 WL 324777, at * (E.D. Cal. Feb. 5, 2008).  The non-taxable costs of filing and serving the complaint fit this description.  Accordingly, the undersigned will recommend that plaintiff be awarded $583.32 in costs.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's September 13, 2011 motion for default judgment (Doc. No. 15) be granted; and

2.  The district court enter a default judgment against defendant Bernstein, Shapiro & Associates, L.L.C. and in favor of plaintiff in the total amount of $11,711.82, comprised of an award of $5,000 in actual damages under federal and state law, $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), $1,000.00 in statutory damages pursuant to California Civil Code § 1788.30(b), $4,128.50 in attorneys' fees and $583.32 in costs.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document presenting

/////

/////

1    objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

2    Any reply to objections shall be filed and served within seven days after service of the objections.

3    DATED: June 21, 2012.

4

5    _____

6    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

7    DAD:6
     Ddad1\orders.civil\torres2507.mdj.f&r

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26